IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

**RYAN SAWYERS,**

    *Plaintiff*

v.     Civil Action No. _____

**PRINCE WILLIAM COUNTY SCHOOL BOARD**

**and**

**MICHAEL BISHOP**

    **In his personal capacity,**

    *Defendants*.

## COMPLAINT

Plaintiff, Ryan D. Sawyers ("Sawyers") files this Complaint against the Prince William County School Board and Michael Bishop for violations of his First Amendment rights, his rights under Article I of the Virginia Constitution, and for violation of 42 U.S.C. 1983. In support there, the Plaintiff states as follows:

## JURISDICTION AND VENUE

1. This court has federal question jurisdiction under the U.S. Constitution pursuant to 28 U.S.C. 1331 and pendent jurisdiction of claims arising under the Virginia Constitution pursuant to 28 U.S.C. 1367.

2. Venue lies in the Eastern District of Virginia under 28 U.S.C. § 1391(b). Defendant Prince William County School Board is a governmental body located within the jurisdiction and Defendant Bishop is a resident of and serves as an official within this jurisdiction. Substantially all events giving rise to this claim occurred in this jurisdiction.

## PARTIES AND FACTS

1

3. Plaintiff Ryan Sawyers is a resident and citizen of Prince William County, Virginia. He has routinely criticized corruption, misconduct, and suppression of watchdog voices in Prince William County, especially by Prince William County School administrators, elected officials, and executives.

4. Defendant Prince William County School Board is a corporate body with vested authority for supervision of schools in its district under Va. Code § 22.1-28. The Prince William County School Board is responsible for the administration of the public school system within Prince William County, including the social media policies, content, communication practices, and revocation of public access to accounts operated by Prince William County Schools or under color of state law by Prince William County public officials.

5. Defendant Michael Bishop is currently the Principal of Patriot High School ("PHS"), located in Nokesville, Virginia. Bishop was the Principal of PHS at all times relevant to this Complaint.

**FACTS**

6. The Prince William County School Board ("PWCSB") is, through its employee Michael Bishop, responsible for a Twitter account with handle @PioneersPHS. The account is an official social media account of PHS. The account is titled PHS_Pioneers! ((the "Account"). The Pioneer is the school mascot of PHS. The description of the account reads "Patriot High School opened in 2011. There are 2350 students and over 190 staff members who work hard every single day to be great leaders." The account links to www.patrioths.pwcs.edu, which is the homepage of PHS.

7. The account primarily features tweets, retweets, or 'likes' tweets concerning PHS athletics, PHS general interest news, or inspirational quotations or memes. The account frequently posts photos of PHS students, often accompanied by PHS principal Michael Bishop.

8. On information and belief, PHS Principal Michael Bishop controls and/or operates and/or directs the operation of the Twitter account with handle @PioneersPHS. The account frequently speaks in the first person and refers to Bishop's personal relationships with pictured students.

9. One of Bishop's areas of performance evaluation has been and is his capacity for "communication and community relations." His use of social media on behalf of PHS is a specified duty of his job as PHS Principal.

10. The @PioneersPHS account is owned by PHS and/or PWCS and will revert to PHS's and/or PWCS's ownership if and when Bishop resigns from his position as PHS Principal and ceases to provide content, direction, and control of the Twitter account.

11. On information and belief, Bishop posts[1] to the Account from electronic devices issued to him by PWCS, including his cell phone, laptop, and desktop computer. Bishop creates content and publishes it to the Account during work hours in his role as Principal of PHS. On information and belief, Bishop is not otherwise employed or engaged in the business of another enterprise during normal work hours.

12. The Account was created to disseminate information about PHS to members of the public and to invite reactions, commentary, and feedback on that information. The Account was created in July 2013, which was during Bishop's tenure as PHS Principal. The Account frequently retweets information posted by other PWCS-affiliated accounts, including

---

[1] Bishop may cause these posts to be made by communicating his wishes to another PHS employee. In any case, he controls and directs the activity of the Account.

@PWCSNews, @PatriotHitSquad, @PWCSChairman, and Sherman Rivers and Sean Finnerty, who are the PHS boys' basketball and football head coaches, respectively.

13. PHS and Bishop use the Account as a governance tool. The Account participates in dialogue with commenters regarding the subject matters of its tweets and retweets. The Account provides updates on the activities of Bishop, acting as head of PHS, by posting photographs of him on meaningful dates and times, to include sporting events, PHS prom, and weekly celebrations of outstanding students known as "Pillars of Patriot." Other PWCS accounts, including the PWCS official account, @PWCSNews, and the account of the former, and longtime Superintendent Steve Walts, @SuperPWCS, retweet, reply, and otherwise promote and interact with the content published on the Account. The Account is run on PWCS labor, using PWCS electronic devices, and at PWCS's cost in the form of the salary paid to Bishop to post inspirational quotes on the Account. Bishop was paid in excess of $150,000 for his work in 2021.

14. Plaintiff Ryan Sawyers is a former School Board Chairman of Prince William County who remains interested in local politics, particularly as they affect the education of PWC youth. Sawyers has two school-aged children who previously attended PWC public schools. While serving as Chairman of the Prince William County School Board from January 1, 2016 until March 7, 2018, Sawyers fought for expanded funding for historically disadvantaged schools, better wages for teachers, accountability for PWCS executives and leaders, including principals, and greater transparency in local government.

15. Prior to serving as School Board Chairman, Sawyers volunteered to reinstate and operate a youth baseball league in Prince William County. Sawyers reinstated the league in part because he learned of Bishop's unethical management and self-dealing during Bishop's efforts to dissolve one Little League entity and convert it to a new league. As Sawyers dug deeper into

Bishop's misconduct, he learned that Bishop filed fraudulent tax returns and used his position as a local high school principal to attempt to dissuade PWC citizens from joining the league Sawyers reinstated as an alternative to Bishop's new, ethically fraught league.

16.     During Sawyers' first year serving as Chairman, the Board was responsible for deciding whether to renew the employment contracts for all principals, to include Bishop. At approximately the same time, Bishop was being investigated for misconduct in his role as PHS Principal.[2] The School Board voted 4-3 to delay a vote on renewing Bishop's contract pending completion of the investigation into his misconduct.[3] Bishop was incensed by this routine administrative measure and filed a specious lawsuit against Sawyers alleging defamation, common law and statutory conspiracy, and tortious interference with a third-party contract.[4] Bishop initially sought $22,800,000 in damages, claiming that, in addition to reputational harm, he also suffered a number of adverse medical events due to Sawyers' actions. These traumas included loss of sleep, tonsilitis and neurological seizures. These medical claims were subsequently withdrawn following deposition testimony given by his personal physician. All of Bishop's claims were eventually dismissed against Sawyers on demurrer and summary judgment.

17.     In the process of conducting discovery relating to Bishop's claims, Sawyers discovered or helped to expose Bishop's misconduct and a substantial number of PWCS policy and regulation violations. Specifically, Sawyers learned that Bishop, while employed as PHS Principal:

---

[2] PWCS ultimately determined that Bishop had violated PWCS regulations. He was issued a formal letter of reprimand and placed on a Performance Improvement Plan (PIP). He refused to sign the form acknowledging receipt of the reprimand, and later publicly characterized the punitive action against him as "ridiculous."
[3] Sawyers abstained from the vote.
[4] CL15001254-00 (Prince William County 2015).

a. Posted publicly available penis jokes on his personal Facebook account;

b. Posted publicly available anti-Asian racist content on his personal Facebook account;

c. Inappropriately touched at least one female student, on or near her breast tissue, at the 2022 PHS prom[5];

d. Signed false interrogatory answers stating that he was fired from his principal job at PWCS;

e. Lied under oath in his deposition by twice stating that he was fired from his principal job at PWCS;

f. Fraudulently diverted funds contributed by a youth baseball league to a new and different entity than the Board had approved;

g. Gained access to a rival youth baseball league's bank account by falsifying bank documents that claimed, under oath, that he was the president of the other league;

h. Admitted under oath that he had spent money from the ill-gotten bank account for personal expenses and never produced any proof that he had reimbursed the league;

i. Filed materially false tax returns on behalf of the league and refused to correct them when asked;

j. Ripped down diversity posters placed on the walls of Patriot High School;[6]

---

[5] Bishop posted a photo of himself at prom with a female PHS student to Twitter, wherein he placed his hand on or near her breast tissue in a manner that is in clear violation of PWCS regulations 503-1(VII)(B) and 503-1(VII)(B)(1).

[6] The *Washington Post* specifically criticized Bishop for his outburst. https://www.washingtonpost.com/opinions/diversity-is-on-trial-at-a-virginia-high-school/2017/02/13/270ea050-efd9-11e6-9662-6eedf1627882_story.html. Accessed May 12, 2022.

    k. Used his PWCS email account to publicly call a PHS student a "coward" for anonymously informing Bishop that the PHS cafeteria had run out of food and many students weren't able to eat at the PHS cafeteria and therefore went hungry;

    l. Used his PWCS email account to falsely accuse Sawyers of bank forgery despite having no evidence.

18. As a result of Sawyers' role in exposing Bishop's laundry list of crude, unethical, racist, and fraudulent behavior, Bishop developed a personal animosity towards Sawyers which persists today.

19. At some point prior to May 1, 2022, Bishop used the Account to block Sawyers' Twitter account from accessing and participating in the public forum created on the Account. Bishop either personally blocked Sawyers' Twitter account or directed a subordinate at PWCS to restrict Sawyers' access to the Account.

20. When a Twitter user "blocks" another user, the blocked user cannot view posts, comment, or otherwise engage with the user who has issued the block. In the case of the Account, Sawyers cannot reply or otherwise contribute to the discourse on the substantive content posted by the Account. Commenting is otherwise available to unblocked members of the public.

21. If Sawyers had not been blocked, he would have used the commenting function on the Account to question or comment on certain PHS publications made through the Account, to include Bishop's posts regarding PHS's motto: "Leadership. Integrity. Character. Pride" and photographs where Bishop's hands are on or near the breast tissue of teenage girls.

22. Sawyers' intended posts are fair exercises of his free speech rights under the First Amendment of the U.S. Constitution and Article I, Section X of the Virginia Constitution.

23. PWCS publishes certain policies and regulations governing the operation of its schools. Regulation 910-1, External School Communications, includes a section governing the use of Social Media. The policy is attached as Exhibit A and, in relevant part, requires that:

> 7. Staff members posting on PWCS social media accounts are responsible for ensuring content is accurate, professional, and reflects the School Division's mission and values.
>
> 8. Staff members charged with handling school, department, and office social media accounts are prohibited from using those accounts to disseminate personal interests, opinions, ideas, photos, videos, or other content. Additionally, no private business or financial transactions may be executed on PWCS social media accounts.
>
> 13. Individuals charged with managing school, department, or office social media accounts are responsible for keeping accounts updated and monitoring comments, questions, and other notifications that may require timely action.

The Account is a forum for speech because it provides opportunities for public discussion and because the local government responsible for its existence specifically solicits responsive speech from interested citizens like Sawyers.

24. Bishop and the PWCS Board could lawfully moderate Sawyers' speech if their decision to do so was rationally based and left open equivalent, alternate channels of communication. However, the decision to block Sawyers was neither rationally based nor left open equivalent, alternative channels of communication. Sawyers has never engaged in any of the out-of-bounds behaviors that would justify moderation, like aggressive language, profanity, or uncivil comments on any Prince William County social media forum, to include the Account. No rational basis supports Bishop's decision to block Sawyers from interacting with the Account.

25.     Bishop's blocking of Sawyers constitutes viewpoint discrimination arising from personal animus; it is an abuse of his position and an egregious violation of Sawyers' right to meaningfully engage local officials in public discourse. Bishop's decision to block Sawyers is a continuing harm that must be immediately reversed.

## COUNT I

### VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION
**(Against Defendants Prince William County School Board and Michael Bishop)**

26.     Paragraphs 1-25 are re-alleged and incorporated herein by reference.

27.     Bishop's decision to block Sawyers violates Sawyers' free speech rights granted by the First Amendment to the United States Constitution.

28.     Sawyers requests that the Court enjoin Defendants to unblock Sawyers on any and all social media platforms and issue a declaratory judgment that Defendants may not block public commenters without reasonable basis.

## COUNT II

### VIOLATION OF ARTICLE I, SECTION X OF THE VIRGINIA CONSTITUTION
**(Against Defendants Prince William County School Board and Michael Bishop)**

29.     Paragraphs 1-25 are re-alleged and incorporated herein by reference.

30.     Bishop's decision to block Sawyers violates Sawyers' free speech rights granted by Article I, Section X of the Virginia Constitution.

31.     Sawyers requests that the Court enjoin Defendants to unblock Sawyers on any and all social media platforms and issue a declaratory judgment that Defendants may not block public commenters without reasonable basis.

## COUNT III

## VIOLATION OF CIVIL RIGHTS: SECTION 1983 CLAIM FOR VIOLATION OF FIRST AMENDMENT RIGHTS

### (Against Defendants Prince William County School Board and Michael Bishop)

32. Paragraphs 1-25 are re-alleged and incorporated herein by reference.

33. Bishop's decision to block Sawyers violates a federal right guaranteed to him by the First Amendment to the United States Constitution. Bishop's acts in blocking Sawyers were committed under color of state law because he used a school-owned Twitter account. Bishops' acts were made possible only because he was clothed with the authority of state law. The PHS Twitter account Bishop used to violate Sawyers' rights was a badge of authority he possessed by virtue of his position as PHS Principal.

34. Under 42 U.S.C. § 1983, "[e]very person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

35. The unlawful acts of Defendants were the direct and proximate cause of damages suffered by Sawyers.

36. The conduct of Defendant Michael Bishop was willful and exhibited a flagrant disregard for Sawyers' federally secured free speech rights. Accordingly, Bishop is liable Sawyers under 42 U.S.C. § 1983.

37. Sawyers requests that the Court enjoin Defendants to unblock Sawyers on any and all social media platforms, issue a declaratory judgment that Defendants may not block public commenters who have not violated the applicable social media commenting policy, award Sawyers punitive damages for Bishop's egregious conduct, and award Sawyers his attorneys' fees under 42 U.S.C. § 1988.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court find and conclude that Defendants' Twitter account @PioneersPHS is a limited public forum; that the Plaintiff has the right to participate in the forum pursuant to the First Amendment and Article I of the Virginia Constitution; that Defendants' blocking of Sawyers on the Twitter account was an infringement of Sawyers' First Amendment rights; that Defendants have violated Sawyers' First Amendment rights under color of state law.

It is further prayed that the Court enter an Order enjoining Defendants to unblock Sawyers and declaring that Defendants may not block public commenters without reasonable basis, awarding Sawyers punitive damages against Bishop for his wanton and abusive conduct, and awarding Sawyers his reasonable attorney's fees and costs under 42 U.S.C. § 1988.

**Respectfully submitted,**

**RYAN SAWYERS**

_/s/ Evan D. Mayo_
Evan D. Mayo
Tremblay & Smith, PLLC
105 East High Street
Charlottesville, VA 22902
Telephone: (434) 977-4455
Facsimile: (434) 979-1221
evan.mayo@tremblaysmith.com

Gene Rossi
Carlton Fields
1025 Thomas Jefferson Street NW
Suite 400 West
Washington, DC 20007-5208
Telephone: (202) 965-8118
Facsimile: (202) 965-8184
grossi@carltonfields.com